## Ruczynski, Appellant, *v.* Jesray Construction Corp.

Argued January 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Norman Ashton Klinger,* for appellant.

*Lawrence F. Flick,* for appellees.

OPINION BY MR. JUSTICE MANDERINO, October 16, 1974:

This is an appeal from a decree granting a petition to open a default judgment. The appellant, Edmund Ruczynski, filed a complaint on December 30, 1971, against the appellees, Jesray Construction Corporation and Executive Park Homes. A third defendant in the trial court, Homemart Real Estate, Inc., is not involved in this appeal.

The complaint requested that the appellees be ordered to specifically perform a written contract by conveying to the appellant a home for which the appellant had tendered payment less $4,000.00 already paid. The appellant also requested damages and other general relief. A notice of lis pendens was also filed. The appellees were served one day later but did not file an appearance or an answer. On January 24, 1972, appellant requested a default judgment. Seven days later, on February 1, 1972, the trial court issued a rule to show cause why a default judgment should not be entered. The rule was returnable on February 11, 1972. On that date, only the appellant appeared in court. The appellees did not appear or otherwise answer the rule. The trial court, concerned that the rule may not have been served on the appellees, continued the matter until February 18, 1972. On that date, the appellant again appeared in court and again the appellees failed to appear or otherwise answer the rule. The trial court, again concerned that the appellees had not been served, continued the matter until February 25, 1972, and directed the Sheriff to serve the appellees. The appellees were served on February 23, 1972. On February 25, 1972, the appellant appeared in court for the third

time and again the appellees failed to appear or answer the rule. On that date, the trial court entered a decree in favor of the appellant. The decree ordered specific performance and awarded any damages sustained, the amount to be determined according to law.

On December 19, 1972, shortly after the scheduling of a trial to determine damages and more than ten months after the entry of the default judgment, appellees petitioned for the opening of the default judgment. On February 28, 1973, the court granted the appellees' petition to open the judgment. This appeal followed.

A petition to open a default judgment should not be granted unless (1) the petition has been promptly filed, (2) the default can be reasonably excused and (3) a meritorious defense can be shown. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) and *Wheel v. Park Building,* 412 Pa. 545, 195 A.2d 359 (1963).

The trial court found that the appellees were prompt in filing their petition after receiving notice that a trial would be held to determine the amount of damages. Timeliness of a petition to open a judgment, however, is not measured from the time one receives notice of the date of a trial to determine damages. Timeliness is measured from the date that notice is received of the entry of the default judgment. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Kramer v. City of Philadelphia,* 425 Pa. 472, 229 A.2d 875 (1967); *Texas and B. H. Fish Club v. Bonnell Corp.,* 388 Pa. 198, 130 A.2d 508 (1957).

In this case, the appellees were served with notice that the appellant had moved for a default judgment. They were served with a rule to show cause and ignored the rule. More than ten months then elapsed before the filing of the petition to open the judgment. Moreover, the record discloses that the appellees had notice of the entry of the default judgment on July 28, 1972, almost five months before the filing of the petition to

open the judgment. Although the attorneys for the parties attempted to negotiate a settlement, there is no claim that any extension of time was requested or granted for the filing of an answer. No other valid reason has been presented to excuse the delay. Under these circumstances, the appellees did not meet the requirement of promptly filing the petition to open the judgment. We conclude, therefore, that the trial court acted in abuse of its discretion in granting the petition to open the default judgment. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Kramer v. City of Philadelphia,* 425 Pa. 472, 229 A.2d 875 (1967); *Texas and B. H. Fish Club v. Bonnell Corp.,* 388 Pa. 198, 130 A.2d 508 (1957).

Decree reversed. Each party to pay own costs.