## Reliance Insurance Companies, Appellant, *v.* Festa et al.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Miles Warner*, with him *Warner & Huntington*, for appellant.

*Wendell H. Livingston*, for appellees.

OPINION BY JACOBS, J., March 31, 1975:

This is an appeal by Reliance Insurance Cos. [hereinafter Reliance] from an order granting a petition by Keystone Insurance Co. [hereinafter Keystone] to open a default judgment. The issues presented for our determi-

nation are whether the lower court abused its discretion in opening the judgment and whether the amount of the judgment was properly calculated.

In 1966 Pietro Festa was involved in an automobile accident with another driver, not a party to this action. Reliance, which was Festa's insurance carrier, paid Festa $1,819.51 under the collision coverage of his insurance contract. Under the contract Reliance became subrogated to Festa's right to recover this sum from any other person. In 1971, pursuant to an arbitration award, Keystone, which insured the other driver, paid Festa and Gembala, his attorney, $3,621.55 which included a property damage claim of $1,842.00.

Reliance began this assumpsit action to recover its subrogation interest from Festa and Gembala and against Keystone on the theory that it paid money to the other defendants when it knew or should have known of Reliance's subrogation interest.

Keystone was properly served on November 15, 1972. Over six months later, on July 24, 1973, Reliance took a default judgment against Keystone for want of an answer. Reliance issued execution and attached Keystone's bank account; and on December 7, 1973, more than four months after the judgment was entered, Keystone filed a "Petition to Re-Open Default Judgment . . . ." The petition was granted by the lower court on January 25, 1974, and this appeal by Reliance challenging the propriety of that order followed.

It is well settled that "[a] petition to open a default judgment should not be granted unless (1) the petition has been promptly filed, (2) the default can be reasonably excused and (3) a meritorious defense can be shown." *Ruczynski v. Jesray Constr. Corp.*, 457 Pa. 510, 512, 326 A.2d 326, 328 (1974). *See McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973) ; *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973) ; *Slott v. Triad Distribs., Inc.*, 230 Pa. Superior Ct. 545, 327 A.2d 151 (1974).

In considering the first requirement that the petition be promptly filed, we note that the judgment was entered against Keystone on July 24, 1973; but the petition to open was not filed until December 7, 1973, some four months later. Keystone's counsel admits that Keystone received two letters, one on August 6, 1973, and another on August 8, 1973, which should have alerted it to the fact that a judgment had been entered.[1] The petition asserts, however, that these letters were "apparently filed away, and not seen by counsel until at least seven weeks later." We need not consider whether such inadvertence may be considered in a determination of whether the insurance company acted promptly, because we find that counsel's additional delay of 71 days from September 27, 1973, when it admits actual notice of the judgment, until December 7, 1973, when the petition was finally filed, is too excessive to meet the requirement of promptness. In *Pappas v. Stefan,* supra, the Court found that appellee had not acted promptly where the delay between notice of the default judgment and filing of the petition was eight weeks. "[C]ounsel for the appellee waited approximately fifty-five days from the date of notice to file his petition to open. No satisfactory explanation is offered for this eight-week delay. The finding of the court below that counsel acted promptly in filing his petition to open is unsupported by the evidence." *Id.* at 358, 304 A.2d at 146 (footnote omitted). In *Texas & B.H. Fish and Game Club v. Bonnell Run H. and F. Corp.,* 338 Pa. 198, 130 A.2d 508 (1957), the Court rejected as untimely a petition filed 27 days after notice of default. In *Smith v. Tonon,* 231 Pa. Superior Ct. 539, 331 A.2d 662 (1974), this Court recently held that a three-week delay did not meet the requirement of timeliness. In this case we hold

---

1. "Timeliness is measured from the date that notice is received of the entry of the default judgment." *Ruczynski v. Jesray Constr. Corp.,* 457 Pa. 510, 512, 326 A.2d 326, 328 (1974).

that an unexplained delay of 71 days fails to conform to the strictures of promptness.

In addition to promptly filing the petition to open, the petitioner must reasonably excuse his failure to file a timely response; and on the record before us we find the explanation deficient. Keystone asserts in its petition:

> *"Keystone and its counsel have consistently maintained in all of their discussions and statements that the issue involved here should be resolved between those other parties.* Meanwhile, because this case was in that status or situation, especially because of the Preliminary Objections [of the other defendants], both of which were contested by plaintiff's counsel, and because it was felt the other three parties might yet settle this somehow among themselves, *it was not felt to be urgent that defendant Keystone get involved at that stage of the proceedings* in the paper work inherent in the defense of an Assumpsit action, *especially at that season of the year."* Record at 14a (emphasis added).

The appellee, however, misconstrues its obligations. The proper forum for maintaining a position of nonliability is within the judicial process, not without. However valid a party deems his attorney's personal impressions of urgency, it is the Supreme Court through the Rules of Civil Procedure, not personal feelings, which dictates when a party to an action must "get involved" in the proceedings or suffer the consequences of being drawn into them in a restricted posture. Additionally, we have reviewed the Rules and find no indication that a party may gauge his responses to a complaint according to the changing seasons of the year. If this allusion is to a "burdens of litigation" defense, such argument has been repeatedly rejected by this Court. *See, e.g., King v. Fayette Aviation,* 226 Pa. Superior Ct. 588, 323 A.2d 286 (1974). This was not a case where the appellee was lulled into a false sense of security by opposing counsel,

*see Good v. Sworob,* 420 Pa. 435, 218 A.2d 240 (1966), "[n]or is this a case where appellant made a 'studied attempt' to obtain a default judgment . . . ." *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 167, 270 A.2d 620, 622 (1970) ; *see Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970). Keystone was reminded on several occasions of the pendency of the action and of Reliance's reservations of its "right to enter defaults." *Cf. Silverman v. Polis,* 230 Pa. Superior Ct. 366, 326 A.2d 452 (1974). We, therefore, have little difficulty in finding that the appellee also failed to meet the second requirement of a successful petition to open. Either of these shortcomings standing alone renders appellee's petition fatally defective, and we hold that the lower court abused its discretion in granting the petition to open.

The appellee asserts, and the appellant agrees, that the interest was improperly calculated. The appellee states that interest should run from October 6, 1971, the date on which its liability was first established. We agree, and order that the judgment be opened only as to the amount of interest which is excessive and continued as to the remainder. *See De Vincentis v. Holden,* 306 Pa. 212, 159 A. 27 (1932).

The order of the lower court opening the judgment is modified by continuing the judgment in force to the extent of $1,819.50 with interest from October 6, 1971, and opening it only as to the excessive interest.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.