## B. P. Oil Corporation v. Toot

*Daniel W. Shoemaker*, for plaintiff.
*Alan M. Cashman*, for defendant.

BLAKEY, J., April 14, 1975.—This matter is before the court on petition of defendant, Ned R. Toot, to open judgment, answer to said petition and depositions.

The complaint was served on Toot on August 24, 1974. Petitioner consulted Attorney Donald G. McIntosh, of Baltimore, Maryland, with respect to the matter. Attorney McIntosh contacted counsel for plaintiff, negotiations ensued, and counsel for plaintiff agreed to submit an offer of settlement to plaintiff, to advise McIntosh of the response and to give him ten days to file a responsive pleading if the offer was not accepted. All of this was confirmed in writing. On October 17, 1974, counsel for plaintiff advised McIntosh that the settlement had been rejected and confirmed the prior agreement which required an answer to the complaint within ten days. McIntosh did nothing. Judgment was taken on October 31, 1974. McIntosh wrote to his client on November 18, 1974, did not advise that the judgment had been taken, withdrew from the case, suggested that his client obtain another attorney, and stated his opinion that plaintiff "will get judgment." This was the first information that Toot received on the matter. Toot then contacted a York attorney who promptly filed a petition to open said judgment.

In order to open judgment, a petitioner must establish a reasonable explanation or excuse for the default: Pappas v. Stefan, 451 Pa. 354 (1973). If we charge Toot with the knowledge and information possessed by his attorney, as we are obliged to do insofar as his affairs against plaintiff are concerned, it is clear that no excuse has been offered for the failure to file a responsive pleading after the offer was rejected and counsel was specifically advised so to do. Counsel for the plaintiff had the right to negotiate with defendant's attorney and to consider the client bound by the procedural agreements which they reached in the normal course of such negotiations. Consequently, we conclude that the petition must be refused.

We are sympathetic with the position of Toot. However, he is not without a remedy. Bluntly stated, this judgment is the result of his attorney's neglect to inform him that the compromise offer had been refused and that he wished to withdraw in time to obtain new counsel, or to take any other action to protect his client's interests. It may be that McIntosh overlooked the matter, a regrettable but understandable failing. We have more difficulty in understanding his letter which did not acknowledge that judgment had been taken but appears to have been designed to induce the client to pay without disclosing the error of counsel. If Toot has been injured by such neglect, his remedy is to pursue the party who caused such injury.

## ORDER

And now, April 14, 1975, the petition to open judgment is refused. We grant defendant an exception.