## Stein v. Mecosh

*Richard Giannini, Jr.,* for plaintiff.
*John F. Dougherty, Jr.,* for defendants.

LUDWIG, *J.,* December 5, 1975—By order dated August 5, 1975, we directed the opening of judgment entered by plaintiff, Randie Sue Stein, against defendants, George Mecosh and Anna Mecosh, individually and trading as Warrington Skating Rink, for failure to plead to the complaint. Plaintiff appealed.

This action was begun by complaint filed on February 1, 1974, personal service of which was made on defendants on February 14, 1974. On March 12, 1974, default judgment was taken. On May 28, 1974, an appearance of counsel was entered for defendants and their petition to open judgment was filed on June 3, 1974. Depositions were taken by defendants of themselves, plaintiff's attorney and a representative of their insurance company.

Plaintiff's claim is for personal injuries arising from an accident that occurred at defendants' roller skating rink on May 12, 1973. According to the complaint, plaintiff fell down and while being helped up was negligently dropped by defendants' employes and thus sustained an injury to her ankle. Until service of the complaint, however, taking the facts as we found them, defendants had no notice of the accident or of plaintiff's claim.[1] After being served, they forwarded their copy of the complaint to their insurance broker in Chicago, who, in turn,

---

1. Plaintiff's counsel apparently sent a form letter of representation dated August 15, 1973, addressed to "Warrington Skating Rink, Warrington, Pa.," which defendants did not receive.

on February 26, 1974, referred it to the Chicago office of their insurance company, Chubb & Son, Inc. They heard nothing thereafter regarding the defense of the case until contacted by an insurance adjuster in June 1974.[2] The insurance company's Philadelphia office received the transmittal of the complaint and a memorandum from the insurance agent on May 28, 1974, at which time one of its claims representatives instructed counsel by telephone to appear in the case, which he did on the same day. Between the date of receipt in Chicago and May 28, 1974, the complaint appears to have been mislaid in the insurance company's Chicago office while it was attempting to trace or locate a previous record of the claim. However, in the absence of any prior notice, neither its Chicago nor Philadelphia office had opened a file. Defendants and their insurance company were first notified of the default judgment by plaintiff's counsel on May 30, 1974.

It is clear that a default judgment should remain unopened unless the petition to open is promptly filed, a satisfactory explanation is given for the failure to defend motion 20 days after service of the complaint, and there appears to be a meritorious defense: Pappas v. Stefan, 451 Pa. 354, 304 A. 2d 143 (1973); Hersch v. Clapper, 232 Pa. Superior Ct. 550, 335 A. 2d 738 (1975). In trespass cases, however, if the equities are clear, the allegation of a meritorious defense adds support to the petition but

---

2. Plaintiff's attorney sent defendants a notice by certified mail dated May 2, 1974, that he intended to order the case on the trial list for assessment of damages. Defendants testified that they did not realize that judgment had been taken against them, and the notice does not so state. See Balk v. Ford Motor Company, 446 Pa. 137, 139, 285 A. 2d 128 (1971).

is not required: Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971); Hersch v. Clapper, supra. A petition to open is directed to the trial court's equitable powers and is the subject of judicial discretion: Pappas v. Stefan, supra; Balk v. Ford Motor Company, supra.

In the present case, the petition to open was filed four days after defendants' counsel was apprised of the entry of the default judgment. This appears to have been the first time that anyone acting for defendants or their insurance company had knowledge that a judgment had been entered against them. The filing of the petition to open four days thereafter satisfies the requirement of prompt filing.

A more difficult question is presented by the failure to defend the action from February 14, 1974, the date of service of the complaint, to May 28, 1974, when counsel entered an appearance.

It is apparent that this delay was occasioned by inter-office problems of the insurance company, not by any dereliction of defendants themselves. See Deussing v. Deussing, 224 Pa. Superior Ct. 525, 529, 307 A. 2d 382 (1973). Also, nothing suggests any "deliberateness of misconduct" on the insurance company's part. See Balk v. Ford Motor Company, supra, at 142. Rather, what appears to have occurred is that the insurance company lost track of the complaint while searching for a nonexistent file. Although we do not condone this neglect, we believe it to have been a businesslike supposition that some record or history of the claim could be found among the company's files. That none existed distinguishes this from the typical case of an insurance company defense of an accident claim and adds credence to the company's

explanation of the procedure it followed and of how the complaint was mislaid.

We also considered that defendants' lack of knowledge of plaintiff's accident supported their denial of liability. If the accident occurred in the manner described in the complaint, at the time when defendants' employes were trying to assist plaintiff, it is likely that defendants would have been informed of it. Moreover, defendants testified, and we credited, that the standard procedure of the skating rink when an accident happened was for their employes to make an immediate report. The absence of such a report is another point in favor of their being unable to make a good defense. We saw no resulting prejudice to plaintiff in permitting defendants to attempt to do so.

We were persuaded that this case was analogous to Balk v. Ford Motor Company, supra, in which it was held that "an error of this sort by an insurance carrier, viz., losing a customer's court papers, constitutes sufficient legal justification to open a default judgment against the insured.": 446 Pa. at 142. See Scott v. McEwing, 337 Pa. 273, 10 A. 2d 436 (1940); Dale v. Wave Energy Systems, Inc., 25 Bucks 269 (1974); 7 Standard Pa. Pract., §74, 89-90 (rev. ed.). But see Medunic v. Lederer, 64 F.R.D. 403 (E.D. Pa., 1974). We believed that weighing the considerations here, the promptness of filing of the petition, the fact that there was no prior demand received, the plausibility of the insurance company's account of what happened, the likelihood of a good defense, and the lack of prejudice to plaintiff, that on balance equitable principles called for the opening of the judgment.

We did not consider defendants' other arguments. These were not raised in the petition to

open, and, because of the conclusion we reached, we did not find it necessary to address ourselves to them.