# Blakney v. The School District of Philadelphia

*Belton Blakney*, for plaintiff.
*Robert H. Nuttall*, for defendant.

GUARINO, *J.*, December 6, 1977—This is an appeal from refusal of the Municipal Court to open a default judgment. This appeal is specifically governed by the Philadelphia Court Rule 315.[1] The appellant, school district, has complied with the requirement of the rule and perfected the appeal. It has filed with the prothonotary of the court of common pleas "(1) the 'Notice of Appeal of Refusal to Open Judgment', (2) a petition to the Court of

---

1. Formerly Philadelphia Star Rule *31, adopted May 16, 1974.

Common Pleas, (3) evidence of proof of service upon other parties in interest, and (4) evidence of a refusal by the Municipal Court to open judgment." Philadelphia Court Rule 315(c). An appeal from a refusal to open a default judgment stands on a particularly different footing than other appeals. Except for appeals from judgment under section 506 of the Landlord and Tenant Act of April 6, 1951, P.L. 69, as amended, 68 P.S. §250.506, appeals from civil judgment and orders of Municipal Court are tried "anew" in the Common Pleas Court. Philadelphia Court Rule 310(e)[2] states that after an appeal has been perfected, all proceedings shall be "de novo" in accordance with Rules of Civil Procedure applicable if the action had been initially commenced in the Court of Common Pleas. Where a judgment is entered by default in the Municipal Court, the appellant has no right to be heard anew in this court. See official comments to Phila. Star Rule *31.[3] Thus, the matter comes before us in a typical appellate review. Accordingly, we adopt as our standard of review the stance traditionally taken by our appellate courts.

The disposition of a petition to open a default judgment by the court of original jurisdiction shall not be disturbed in the absence of clear, manifest abuse of discretion: Pappas v. Stefan, 451 Pa. 354, 304 A. 2d 143 (1973); Balk et al. v. Ford Motor Co., 446 Pa. 137, 285 A. 2d 128 (1971); Barron v. William Penn Realty Co. et al., 239 Pa. Superior Ct. 215, 361 A. 2d 805 (1976); James v. Reese, 250 Pa. Superior Ct. 1, 378 A. 2d 422 (1977); McCoy v. Pub-

---

2. Formerly Star Rule *30, adopted May 10, 1971.

3. Comments omitted when Star Rule *31 was renumbered to Rule 315.

lic Acceptance Corp., 451 Pa. 495, 305 A. 2d 698 (1973). In determining whether the Municipal Court judge abused his discretion, we consider three factors: (1) The promptness with which the petition was filed, (2) Whether the default was reasonably explained, and (3) Whether a defense on the merits has been shown: Barron v. William Penn Realty Co. et al., supra; James v. Reese, supra; Westinghouse Credit Corp. v. Wenzel, 223 Pa. Superior Ct. 87, 289 A. 2d 759 (1972); Bethlehem Apparatus Co., Inc. v. H.N. Crowder, Jr., Co., 242 Pa. Superior Ct. 451, 364 A. 2d 358 (1976).

The question for this court is, did the court below act properly and within its discretion in disapproving the petition to open the default judgment? Unfortunately, we do not have any findings of facts or conclusions of law from the Municipal Court judge in order to make this test. This gap is crucial. Appellant contends that the Municipal Court abused its discretion in refusing to open a judgment that met the three-pronged test for opening of default judgments: (1) Its petition was prompt—filed soon after learning that suit and judgment had been obtained; (2) It reasonably explained the reason for default—it did not receive the service of the complaint, and (3) It has a meritorious defense. This court, however, cannot find the facts: that was the function of the Municipal Court. In the absence of such a finding, there is not sufficient basis for review.

It is noted that neither Municipal Court Rule 119 nor Philadelphia Court Rule 315, which refer to petitions to open judgment, require the judge to make findings on the record. This is an omission that should be remedied if we are to have appellate review in the traditional course.

For petitions to open judgment in which the Common Pleas Court has original jurisdiction, the procedure for arriving at the facts is formulized by Pa.R.C.P. 209[4]: Goldstein Co., Inc. v. Margolin, 248 Pa. Superior Ct. 162, 374 A. 2d 1369 (1977); Instapak Corp. v. S. Weisbrod Lamp & Shade Co., Inc., 248 Pa. Superior Ct. 176, 374 A. 2d 1376 (1977); see Editor's Caveat, 1 PICO. If a Common Pleas Court's action on a petition to open judgment is appealed, the court must submit an opinion: Pa.R.A.P. 1925.

Therefore, it would seem appropriate that we address this issue and formulate a local rule that would protect the rights of the litigants, and facilitate appeals from Municipal Court to Common Pleas Court. In line with this, it is recommended that this matter be referred to the Philadelphia Court Rules Committee for study and recommendations.[5]

---

4. Pa.R.C.P. 209—"If, after the filing and service of the answer, the moving party does not within fifteen days: (a) . . . ; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

5. Probably this can be accomplished by redrafting of present Phila. Star Rule *31.

## ORDER

And now, December 6, 1977, the order of the Municipal Court in the above captioned matter, dated May 31, 1977, is vacated and the record remanded for further proceedings consistent with the foregoing opinion.