## L & S Industries, Inc. v. Axel Spring & Welding Co.

*Harry R. Kozart,* for plaintiff.
*Hy Mayerson,* for defendant.

GREENBERG, *J.*, January 11, 1978—This matter is before the court on plaintiff's petition to vacate order opening judgment. There seems to be some confusion involved here because we did not issue an order opening the judgment. Because of this, we will treat plaintiff's petition as a petition for reconsideration of that part of our order issued February 17, 1977, which rescinded a previous order denying the petition to open judgment. A history of

this litigation may shed some light on the reasons for the confusion.

On May 20, 1976, plaintiff brought suit to recover the sum of $15,076.25 allegedly owed for merchandise sold and delivered to defendant. A copy of the complaint, with notice to defend, was sent by registered letter, dated May 21, 1976, return receipt requested, to the Secretary of the Commonwealth of Pennsylvania and to defendant at its address in Long Island, New York. On July 13, 1976, counsel for plaintiff sent defendant's New York counsel (Leo Barry) a letter granting defendant a "reasonable" time within which to file a responsive pleading. Since no such pleading was filed and no appearance entered for defendant, plaintiff took judgment by default on September 10, 1976. Notice of the default judgment was sent to defendant by the prothonotary on September 10, 1976. On December 3, 1976, defendant served upon plaintiff's counsel notice of intention to file a petition to open default judgment and attached a copy of the proposed petition which alleged, in effect, that its failure to respond to plaintiff's complaint was due to the neglect and inattention of defendant's counsel and that defendant had a meritorious defense to plaintiff's complaint. On or about December 17, 1976, defendant filed said petition with accompanying memorandum of law and plaintiff on the same date filed an answer and answering memorandum. On December 21, 1976, a rule was issued upon plaintiff to show cause why the default judgment should not be opened. On January 18, 1977, the court entered an order denying defendant's petition. The court, on February 17, 1977, without objection from plaintiff vacated its previous order so that defendant might have an oppor-

tunity to take depositions in support of the petition to open.

Defendant scheduled depositions on two occasions, but at its request they were continued. They were, at last, taken on April 12, 1977. Defendant having failed to act, plaintiff, by letter dated August 11, 1977, requested the court to vacate its order of February 17, 1977. In response to said letter, defendant's counsel advised the court that he would file the deposition and memorandum of law by the end of August. Defendant having failed to do so, plaintiff on November 7, 1977, forwarded a copy of the praecipe, petition to vacate, and memorandum of law, with notice that the original would be filed on November 23, 1977, with the clerk of the motion court. On November 21, 1977, defendant's counsel, by telephone, requested plaintiff to agree to an extension of ten days for the filing of defendant's memorandum of law. Because of the inordinate delay already occasioned by defendant's counsel, plaintiff refused to agree to the requested extension. At last, on November 28, 1977, defendant filed its memorandum of law, claiming illness as an excuse for the late filing.

It is therefore not surprising that there was some confusion about the state of record in this case at the time plaintiff filed its most recent petition. As we said, however, we will consider it as a petition to reconsider our order vacating a previous order in which we denied the petition to open. For all practical purposes we will consider and rule on the matter as if it were a petition to open and answer thereto with accompanying depositions.

It is well established that a petition to open a default judgment should not be granted unless: (1) a meritorious defense can be shown; (2) the default

can reasonably be excused and; (3) the petition has been promptly filed: Pappas v. Stefan, 451 Pa. 354, 304 A. 2d 143 (1973).

Furthermore, as the moving party, a defendant-petitioner must satisfy *all* three criteria set forth above before defendant is equitably entitled to have a default judgment opened: McCoy v. Public Acceptance Corporation, 451 Pa. 495, 305 A. 2d 698 (1973). We believe that because the default by defendant cannot reasonably be excused, the other two criteria need not be discussed and the default judgment will not be opened.

The complaint was filed on May 20, 1976, and a copy thereof was forwarded to defendant by plaintiff's counsel by registered letter dated May 21, 1976. Defendant's New York counsel contacted Mr. John Manos, an attorney in the City of Philadephia, by telephone concerning the litigation in this case. New York counsel then wrote to Mr. Manos on June 7, 1976, and inquired of him as to "whether or not we should file a special notice of appearance to contest this jurisdiction." Mr. Manos did not reply to this letter, nor did he take any action on the matter. New York counsel then wrote letters on June 28, 1976, and July 8, 1976, requesting that Mr. Manos contact New York counsel concerning his interest in handling the matter. Mr. Manos did not reply to either of these letters.

On July 13, 1976, plaintiff's counsel wrote to New York counsel advising him that he would allow defendant "a reasonable time" within which to file an answer. New York counsel wrote to Mr. Manos on July 15, 1976, forwarding a copy of said letter and requesting that Mr. Manos advise him whether he would be interested in representing defendant in this case. From July 15, 1976, until judgment was

entered on September 10, 1976, New York counsel made no inquiry of Mr. Manos and took no action on behalf of defendant with respect to the litigation.

Defendant argues that its failure to respond to plaintiff's complaint timely was excusable due to a combination of the following factors: (a) an indefinite extension of time to respond to plaintiff's complaint granted by letter to defendant's New York counsel on July 13, 1976; (b) the neglect and inattention to duty of defendant's previous Philadelphia counsel who, despite constant letters and telephone calls from defendant, failed to take any measure to protect defendant's interests, and (c) defendant's Philadelphia counsel had agreed to take action to protect defendant, but inexplicably failed and neglected to act.

First, the letter of July 13, 1976, sent by plaintiff's counsel to defendant's New York counsel, indicates that "an indefinite extension of time" was not given. It specifically states "a reasonable time." The period of two months from the date of said letter to the date of the entry of judgment is more than a reasonable time, particularly so in view of the notices given to defendant and its counsel in the intervening time.

Secondly, in the letters from defendant's New York counsel to Mr. Manos, there was no direction of any kind for the filing of an answer, let alone in "specific" or "unequivocal" language. The correspondence seems to be in the nature of inquiries as to whether Mr. Manos was "interested in contesting jurisdiction." We note that Mr. Manos in his letter of April 12, 1977, indicates that he was never specifically requested to represent defendant in this case and was under the impression that New York counsel would meet him personally before any

such representation was undertaken. Assuming, however, arguendo, that Mr. Manos was inattentive to his duties, defendant's New York counsel was also delinquent in two respects: (1) in failing to "follow-up" the matter with Mr. Manos; (2) in failing to act between July 15, 1976, and September 10, 1976.

In either event, the failure of counsel to perform their duties is an insufficient explanation for not filing an appearance or answer: Reliance Insurance Companies v. Festa, 233 Pa. Superior Ct. 61, 335 A. 2d 400 (1975); Jost v. Phoenixville Area School District, 237 Pa. Superior Ct. 153, 346 A. 2d 333 (1975).

There are cases which authorize the vacating of a non-pros or the opening of a default judgment where the reason for the non-pros or default judgment is mistake, oversight or neglect of counsel: Johnson v. Yellow Cab Co. of Phila., 226 Pa. Superior Ct. 270, 307 A. 2d 423 (1973); Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970). These cases, however, do not support a blanket rule that all default judgments can be vacated simply by an admission of counsel that he was negligent. If counsel's mistake, oversight or neglect is to be reason to vacate a default judgment, that mistake, oversight or neglect must be reasonably explained. The argument that refusing to vacate a judgment of default punishes defendant for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice: Dupree v. Lee, 241 Pa. Superior Ct. 259, 361 A. 2d 331, 335 (1976).

This is not simply a case where the failure to file an answer was due to an unexplained mistake, oversight or neglect of counsel. It is a situation where defendant's counsel simply did nothing other than write some letters to Philadelphia counsel. New York counsel obviously had the complaint as well as letter from plaintiff's counsel and made no attempt either himself or through Mr. Manos to communicate with plaintiff's counsel after July 13, 1976. Such inaction does not warrant the granting of the equitable relief sought by defendant, and therefore the default judgment will not be opened.