J-S74023-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| JOSEPH KNAPP AND DENNIS MILLER AND TEMPLE PLAY, LLC AND TMPLCF, LLC, AND MILSEV, LLC AND DEN SEVENTH, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| CITRO COMMUNICATIONS, INC. AND THOMAS R. CITRO, | |
| Appellants | No. 711 EDA 2014 |

Appeal from the Order entered February 10, 2014,
Court of Common Pleas, Philadelphia County,
Civil Division at No. 110403352 April Term 2011

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED DECEMBER 18, 2014**

Citro Communications, Inc. and Thomas R. Citro (collectively, "Appellants") appeal from the order of court denying their petition to open judgments entered against them and in favor of Joseph Knapp, Dennis Miller, Temple Play, LLC, TMPLCF, LLC and Den Seventh, LLC (collectively, "Appellees") in the Court of Common Pleas, Philadelphia County.  For reasons explained below, we affirm.

The trial court summarized the relevant factual and procedural histories in this case as follows:

> On April 29, 2011[,] [Appellees] filed a complaint alleging breach of contract, fraud, and conversion seeking a total of $153,964.00 in damages. [Appellants] failed to answer Appellees[']

---

*Retired Senior Judge assigned to the Superior Court.

[c]omplaint. Appellants aver that they submitted Appellees' claims to their liability insurance carrier on May 31, 2011. Appellees sent a notice of intention to take default judgment to Appellants on June 21, 2011. Aside from submitting an insurance claim and attending a case management conference, Appellants took no action to respond to the litigation for nearly three years.

On August 11, 2011 a case management conference was held, which Appellants aver that they attended "pro se." According to Appellants, an unnamed "case manager" indicated that the case would likely be dismissed. [H]owever, Appellants offered nothing to substantiate this claim. That same day, Appellees entered default judgment by praecipe against Citro Communications, Inc. Appellees subsequently entered default judgment against Thomas R. Citro on October 20, 2011, and aver that they domesticated their judgments to New Jersey in 2013, thereafter obtaining a New Jersey court order compelling discovery in aid of execution. Appellants filed their Petition to Open Default Judgment on January 9, 2014, which was denied by this Court on February 10, 2014. Appellants filed the present appeal on February 18, 2014.

Trial Court Opinion, 3/21/14, at 1-2 (internal citations to documents of record omitted).

In their appeal, Appellants present two questions for our review:

[1.] Did the trial court err in denying Appellant's [sic] [p]etition to [o]pen [d]efault [j]udgment?

[2.] Do equitable considerations require that Appellants receive an opportunity to have the case decided on the merits?

Appellants' Brief at 2.

Our standard of review of orders denying a petition to open a default judgment is well settled. This Court has previously explained that,

> [a] petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> ***
>
> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011).

In their first issue on appeal, Appellants argue that the trial court erred in its application of the relevant test. This test provides that "a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." *Id.*

The trial court determined that Appellants failed to meet the first and third prongs of the test. *See* Trial Court Opinion, 3/21/14, at 2. Considering the first prong, we note that

> [t]he timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not

> establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

***Kelly v. Siuma***, 34 A.3d 86, 92 (Pa. Super. 2011). We further note that historically, "[i]n cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. ***Id.*** (citing ***Duckson v. Wee Wheelers, Inc.,*** 620 A.2d 1206 (Pa. Super. 1993) (finding one day delay timely); ***Alba v. Urology Assocs. of Kingston***, 598 A.2d 57 (Pa. Super. 1991) (fourteen days is timely); ***Fink v. Gen. Accident Ins. Co.,*** 594 A.2d 345 (Pa. Super. 1991) (period of five days is timely); ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009) (finding eighty-two day delay was not timely); ***Myers v. Wells Fargo Bank, N.A.,*** 986 A.2d 171 (Pa. Super. 2009) (indicating delay of fourteen days in filing petition to open was timely); ***Pappas v. Stefan***, 304 A.2d 143 (Pa. 1973) (fifty-five day delay was not prompt)).

In the present case, Appellants aver that they did not become aware of the entry of the default judgment until November 11, 2013, when they received documents from Appellees' collection counsel in an attempt to execute on the judgment. ***See*** Appellants' Brief at 4-5; Memorandum in Support of Amended Petition to Open, 1/30/14, at 3. Appellants did not file their petition to open until almost sixty days later, on January 9, 2014. The

only reason for the delay offered by Appellants was their need to secure counsel and "some time to make a decision as to how to proceed[.]" Appellants' Brief at 7. The trial court rejected this as an adequate reason for the delay, as "these are challenges that face all litigants." Trial Court Opinion, 3/21/14, at 4. It concluded that "[w]ithout any plausible explanation or special circumstance … it is neither reasonable nor equitable to find that the … delay was justified[.]" ***Id.*** We find no abuse of discretion in this conclusion. Appellants have alleged only that the delay in filing their petition to open was due to routine obstacles that all litigants face; they have provided no compelling reason for the delay. Accordingly, we find no error in the trial court's determination that they failed to establish that their petition was promptly filed.

The trial court also concluded that Appellants failed to establish the third prong of the relevant test: a justifiable explanation for failing to respond to the complaint. In their petition, Appellants stated that the reason they did not file a response to the complaint was because "neither [Appellant] is an attorney, and therefore neither [Appellant] understood the importance of filing an [a]nswer or the repercussions of not filing an [a]nswer." Memorandum in Support of Amended Petition to Open, 1/30/14, at 3. They further stated that they attended a case management conference, at which Appellees did not appear, and that in light of a

conversation with the "case manager" at that time, it was their belief that the case would be dismissed. *Id.* at 3-4.

The trial court found that these explanations were insufficient, especially in light of the fact that the complaint contained an explicit advisement that they contact an attorney and contained contact information for the Philadelphia Bar Association Referral Service. Trial Court Opinion, 3/21/14, at 5. It further found that "Appellants' failure to obtain competent legal advice in an appropriate time frame amounts to a deliberate decision not to defend." *Id.* (citing *Mallory*, 982 A.2d at 996).

Again, we find no error in the trial court's determination. With regard to this prong of the applicable test, "whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." *Mallory*, 982 A.2d at 995 (internal citation omitted). However, the appellate courts consistently have rejected the lack of legal sophistication or familiarity with the legal system as justifiable reasons for a delay in filing a response to a complaint. *See id.* at 996 ("The fact [a]ppellant may be unsophisticated in legal … matters is all the more reason she should have heeded the notices to secure legal counsel at once, and her deliberate decision not to defend does not provide a reasonable explanation or excuse necessary to open the default judgment."); *Sharon*

***Hill Contracting Co. v. Recreational Equip. Unlimited, Inc.***, 425 A.2d 447, 450 (Pa. Super. 1981) ("[M]ere ignorance or inexperience with the legal process is by itself an insufficient justification for a default[.]"); ***Kilgallen v. Kunta***, 310 A.2d 396, 398 n.5 (Pa. Super. 1973) (same).

On appeal, Appellants do not explain how or why the trial court's conclusion was in error; they simply reiterate the excuses they pled in the trial court and assert that they constitute a reasonable justification for failing to file a response to the complaint. ***See*** Appellant's Brief at 8-9. However, as discussed above, we have found that the trial court's determination is without error. As such, Appellants' claim fails.[1]

In their second issue, Appellants claim that "equitable considerations require that the case be decided on the merits." ***Id.*** at 10. Appellants fail, however, to cite or discuss even one authority in support of this claim. ***See id.*** at 10-11. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959

---

[1] Appellants also contend that they have satisfied the remaining prong of the relevant test. Appellants' Brief at 9. The trial court did not address this prong in its opinion. However, a petitioner must establish all three prongs of this test before the trial court will open a default judgment. ***See Schultz v. Erie Ins. Exch.***, 477 A.2d 471, 472 (Pa. 1984). As the trial court correctly concluded that Appellants failed to satisfy two of these prongs, they are foreclosed from relief, even if they were able to satisfactorily establish the remaining one.

A.2d 438, 444 (Pa. Super. 2008) (citing **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002); Pa.R.A.P. 2119(b)). Accordingly, Appellants have waived this claim for failure to adequately develop it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014