J-S45001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEONARD J. DOBSON AND THERESA WEYMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAMOKIN COMMONS, LLC AND MADISON TITLE AGENCY, LLC | : | No. 277 MDA 2018 |

Appeal from the Order Entered January 18, 2018
in the Court of Common Pleas of Northumberland County
Civil Division at No(s):  CV-2016-2174

BEFORE:   OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 20, 2018**

Shamokin Commons, LLC ("Shamokin"), appeals from the Order denying its Petition to Strike the Default Judgment entered against it and in favor of Leonard J. Dobson ("Dobson") and Theresa Weyman ("Weyman") (collectively, "Appellees").[1]  We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> Shamokin …, an unregistered foreign limited liability company (LLC) that has a registered office address in Mineola, [New York], had placed for sale a vacant shopping plaza and parking lot that it owned.  On October 19, 2016, … Dobson, through the use of [] Weyman as his agent, successfully bid on an online auction for such real property … located in Coal [Township], Northumberland County, [Pennsylvania].  His total bid was in the amount of $126,000.00.  Dobson deposited $15,000[.00] with Madison …, the escrow agent for the transaction.  Prior to [the] settlement date (November 16, 2016)[,] Dobson paid the remaining balance [] to Madison.  But Madison returned the

---

[1] Madison Title Agency, LLC ("Madison"), is not a party to the instant appeal.

*   Retired Senior Judge assigned to the Superior Court.

remaining balance to Dobson, and Dobson was told there was a title defect precluding the settlement from occurring. Dobson does not believe that there was a title defect in the property. Madison still held the $15,000.00 deposit.

On December 19, 2016, [Shamokin] was served a [P]raecipe for writ of summons of a civil action. Pa.R.C.P. [] 403, 404(2). On January 12, 2017, [Appellees] filed a [C]omplaint with the Prothonotary's office[, asserting a breach of contract claim]. [Shamokin] failed to reply within twenty days of service of the [C]omplaint[, which] contained a [N]otice to defend. On February 2, 2017, [Appellees] mailed a written Notice of intention to file a Praecipe for Judgment to [Shamokin]. [Shamokin] was warned that it had ten days or else a judgment would be entered against it without a hearing. On February 14, 2017, [Appellees] filed a [Praecipe] for default judgment in the Prothonotary's office for judgment in favor of [Appellees] and against [Shamokin]. The Prothonotary entered the default [J]udgment against [Shamokin] on the same date.

On February 14, 2017, [Appellees filed a Motion to Assess Damages Upon Entry of Judgment of Default,] request[ing] an order demanding specific performance, specifically to perform the contract and to deliver the real property to Dobson. [Appellees] also demanded an accounting of rents and profits received by or owed to [Shamokin], upon the subject property. [Appellees] also sought lost profits and opportunity costs (*i.e.* leasing, marketing, redevelopment) in a currently unliquidated amount, attorney fees, costs of suit, and any other and further relief the [c]ourt would consider as necessary and just. On February 21, 2017, a hearing thereon was scheduled for April 25, 2017. At this hearing, while [Appellees'] counsel was present, there was no one in attendance to represent [Shamokin]. [Appellees'] counsel argued that [Shamokin] was still receiving rental income from the property. The [c]ourt held that, in order for the $15,000.00 deposit to be resolved, Madison would need to be named as a defendant in the suit. [Appellees'] [M]otion was withdrawn without prejudice.

On May 1, 2017, [the trial c]ourt held [Appellees'] Motion to Assess Damages in abeyance until Madison was joined and the issue of [Appellees'] $15,000.00 deposit was resolved. Madison was joined as a defendant on May 30, 2017. Madison has deposited the $15,000.00 escrow deposit with the Prothonotary, pursuant to [the c]ourt's order.

- 2 -

On August 4, 2017, [Appellees'] attorney filed a Motion to Reinstate [Appellees'] February 14, 2017 Motion to Assess Damages …. [Appellees] amended [their] request to include additional attorney fees for $1,587.50 and $825.00, and $14.92 in postage expenses related to this litigation. A hearing on the Motion to Assess Damages was scheduled for September 14, 2017.

[Shamokin] filed a Petition to Strike Default Judgment on September 11, 2017. [Shamokin] avers that it sought the assistance of Pennsylvania counsel, who failed to file an Answer and act in the defense of [Shamokin]. [Shamokin] claims it has a meritorious defense, in that [Appellees] violated Paragraph 13(b), No Assignments Clause, of the real estate contract.

Trial Court Opinion, 4/2/18, at 1-3. Appellees filed a Response to Shamokin's Petition to Strike. The trial court denied Shamokin's Petition to Strike the Default Judgment on January 18, 2018. Shamokin filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Shamokin raises the following issue for our review: "Did the [t]rial [c]ourt err or abuse its discretion in failing to strike or open the default [J]udgment entered against Shamokin [] in this equitable action seeking specific performance to enforce an agreement of sale?" Brief for Appellant at 4.

We observe the following standards of review of orders concerning the opening or striking of default judgments:

A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable. A petition to strike a default judgment operates as demurrer to the record. As such it is not a matter calling for the exercise of discretion. A petition to strike a default

judgment may be granted only where a fatal defect in the judgment appears on the face of the record. A judgment cannot be stricken when the record is self-sustaining.

The standard of review for challenges to a decision concerning the opening of a default judgment is well settled. A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

***Graziani v. Randolph***, 856 A.2d 1212, 1223 (Pa. Super. 2004) (internal citations and brackets omitted).

Shamokin acknowledges that although it captioned its filing a Petition to Strike the Default Judgment, it had actually moved to open the default Judgment.[2] Brief for Appellant at 10. Shamokin claims that the trial court erred by denying its Petition to Strike "based simply upon the time passing between the [J]udgment and the [Petition,] where no evidentiary record was made, by depositions or hearing, which would have allowed the court to weigh the equities in this matter." ***Id.*** at 12. Shamokin alleges that it can establish a meritorious defense to Appellees' breach of contract claim, *i.e.*, that Appellees also breached the contract. ***Id.*** Specifically, Shamokin contends that Appellees breached Section 13(B) ("No Assignment or Recording"), because Weyman assigned her rights and interests to Dobson, without first

---

[2] "As a general rule, we may not address any issues which an appellant has failed to raise in the trial court." ***Mother's Rest. Inc. v. Krystkiewicz***, 861 A.2d 327, 337 (Pa. Super. 2004) (citing Pa.R.A.P. 302(a)). However, we note that in its Petition to Strike, Shamokin requested, in part, that the trial court open the default Judgment.

- 4 -

obtaining Shamokin's consent. *Id.* Shamokin also explains its delay in filing the Petition to Strike by asserting that its prior counsel had attempted to negotiate with Appellees, and that Shamokin did not retain its current counsel and file the Petition until the conclusion of the unsuccessful negotiations. *Id.* at 13.

In its Opinion, the trial court first considered Shamokin's Petition as a petition to strike, and concluded that there were "no missteps in the taking of [the] default [J]udgment." *See* Trial Court Opinion, 4/2/18, at 4. Then, recognizing that Shamokin's Petition contained allegations seeking to open the default Judgment, the trial court set forth the relevant law concerning the opening of a default judgment, and addressed Shamokin's claim as follows:

> Although not labeled as such, [Shamokin's Petition] contained allegations for the [c]ourt to open the [J]udgment upon equitable grounds. The factors that [a c]ourt must consider before a default judgment may be opened are: (1) the petition to open the default judgment must be promptly filed; (2) the failure to enter an appearance or file a timely answer must be reasonably excusable; and (3) the party seeking to open the judgment must exhibit a meritorious defense. To succeed, the petitioner must meet all three requirements. *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 994-95 (Pa. Super. 2009). In other words, if the petitioner fails to meet even one requirement for opening judgment, the court can deny relief without even considering arguments made without regard to the two other requirements. *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1209 (Pa. Super. 1993).
>
> In *Pappas v. Stefan*, 304 A.2d 143, 145 (Pa. 1973), the Supreme Court dismissed the [d]efendant's assertion that it "acted promptly" because the appellee's attorney "waited approximately fifty-five days from the date of notice to file his petition to open." *Id.* at 146. In the instant matter, default judgment was entered against Shamokin [] on February 14, 2017.

Two-hundred ten (210) days later, [Shamokin] filed a Petition to Strike Judgment on September 11, 2017. This span of time is nearly four times as long as the span in **Pappas**.[FN]

[FN] Because the Shamokin … [Petition] was not promptly filed, this [c]ourt need not address the other two prongs of the test. If the other prongs were addressed, there never was a legitimate excuse for not properly securing counsel as a[n] LLC to protect its interests. **See Kelly v. Siuma**, 34 A.3d 86[, 94] (Pa. Super. 2011) (a corporate defendant should have in place the means to monitor its legal claims). Finally, it was never fully articulated how the assignment, if any, would have altered [Appellees'] cause of action, so far as a meritorious defense here.

Trial Court Opinion, 4/2/18, at 4-5 (one footnote omitted). We agree with the trial court's determination that there is no fatal defect in the default Judgment appearing on the face of the record, and we discern no abuse of the trial court's discretion in determining that Shamokin did not promptly file its Petition to Strike the Default Judgment. Accordingly, we affirm the trial court's Order denying Shamokin's Petition to Strike.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018

- 6 -