541 A.2d 323

**Thelma N. NARDUCCI, Appellee,**

v.

**MASON'S DISCOUNT STORE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1988.

Decided May 20, 1988.

Reargument Denied July 20, 1988.

John M. Quinn, Jr., Michael S. Jan Janin, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, for appellant.

John P. Garhart, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of Mason's Discount Store (Appellant) from the memorandum opinion and per curiam order of the Superior Court affirming the order of the Court of Common Pleas of Erie County which granted the petition of Thelma N. Narducci seeking to open a judgment of non pros which had been entered against her by Appellant as a sanction for failure to respond to interrogatories.

Over eleven years ago, on January 25, 1977, Appellee claimed to have suffered injuries from a fall which occurred on the sidewalk in front of Appellant's store. Represented by counsel, Appellee instituted an action against Appellant for the injuries she sustained from the fall by filing a writ of summons in trespass on January 23, 1979. When Appellee had not filed a complaint by July 2, 1979, Appellant caused a rule to be served on Appellee to file a complaint or suffer a judgment of non pros. The rule was made absolute on November 26, 1979, and Appellee was ordered to file a complaint. Pursuant to that order, depositions of the parties were scheduled for January 8, 1980, at which time counsel for the parties discussed the filing of the complaint and Appellant's counsel indicated that he would take no further action until he heard from Appellee's counsel.

When no complaint was filed by November 8, 1980, however, Appellant directed the Prothonotary of Erie County to enter a judgment of non pros in the matter. Nearly one month later, on December 5, 1980, Appellee filed a petition seeking to open the judgment of non pros. After argument and review of briefs, the trial judge granted the petition and opened the judgment of non pros on March 8, 1982, and again ordered Appellee to file a complaint. During the latter part of 1982, Appellee's counsel gave up the practice of law and referred this matter to Attorney T. Dana Andrews who prepared and filed a complaint on January 14, 1983. The filing of the complaint occurred nearly ten months after leave was granted by the Court and nearly six years after the underlying accident occurred.

On February 10, 1983, Appellant directed Appellee to respond to various interrogatories which were necessary so that an answer could be prepared. New counsel was requested on numerous occasions to respond to the interrogatories and he did not. An order of court was obtained which directed that answers be filed or a second non pros would be entered. When inadequate answers were provided to the interrogatories, an order was entered on October 25, 1983, by the Honorable Jess S. Jiuliante, Jr. of the Court of Common Pleas of Erie County, entering a judgment of non pros, for the second time, against Appellee and dismissing the complaint with prejudice.

Some seventeen months later, on March 11, 1985, Appellee filed a petition to open which was granted on July 26, 1985, and the judgment of non pros was vacated.

An appeal was taken to the Superior Court which affirmed the trial court's opening of the judgment of non pros in an unpublished opinion, 364 Pa.Super. 655, 525 A.2d 823. Appellant then filed a petition for allowance of appeal to this Court and argued that the trial court and the Superior Court improperly applied the equitable considerations which must be invoked when opening a judgment of non pros. We granted the petition and now reverse.

■ A request to open a judgment of non pros, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of non pros to be opened, three elements must coalesce:

1) the petition to open must be promptly filed;

2) the default or delay must be reasonably explained or excused; and

3) facts must be shown to exist which support a cause of action.

*Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Goldstein v. Graduate Hospital of the University of Pennsylvania*, 441 Pa. 179, 272 A.2d 472 (1971); *Thorn v. Clearfield Borough*, 420 Pa. 584, 218 A.2d 298 (1966).

■ A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. *Goldstein; Brigham v. Eglin's of Philadelphia*, 406 Pa. 99, 176 A.2d 404 (1962); *Mazer v. Sargent Electric Co.*, 407 Pa. 169, 180 A.2d 63 (1962). Seeing that the request to open a judgment of non pros is directed to the conscience of the court, the court is *required* to balance the equities and to deny the petition even where all the elements coalesce if the granting of relief would cause undue hardship or prejudice to the opponents. *McBride v. Rome Township*, 347 Pa. 228, 32 A.2d 212 (1943); *Pierce to use v. Kaseman*, 326 Pa. 280, 192 A. 105 (1937); *McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584 (1937); *Kelber v. Pittsburgh National Plow Co.*, 146 Pa. 485, 23 A. 335 (1892).

■ Applying these principles to the case *sub judice*, it becomes clear to us that Appellee did not establish equities justifying the opening of the judgment of non pros. Appellee attempts to explain away the failure to file acceptable responses to interrogatories which brought about the judg-

ment of non pros and the delay in filing the petition to open by placing the blame on her second attorney, Attorney Watson, who, it is claimed, was medically or psychologically unable to represent her. Specifically, Appellee claimed that Attorney Watson lied to her, telling her that the non pros had been taken care of when, in fact, he had taken no action on her behalf. Appellee also claimed that her attorney was totally derelict in handling this matter, as evidenced by not returning her frequent phone calls and that the reason for his inaction was that he was suffering from a psychological or emotional impairment that rendered him incapable of performing his duties.

While our cases establish that the medical inability of an attorney to perform his duties may constitute equitable considerations sufficient to set aside a judgment of non pros, it is equally clear that such facts must be established and supported by medical testimony. *Goldstein v. Graduate Hospital of the University of Pennsylvania, supra; Thorn v. Clearfield Borough, supra.*

Unfortunately, there is no medical or psychiatric evidence in this record supporting the bald allegations of Appellee as to the medical condition or diminished health of Attorney Watson. In fact, the only "evidence" on this question was provided by the unsupported affidavits of Attorney Watson's former associates who averred that Attorney Watson's actions during the time in question were bizzare in that he would break appointments, not return phone calls to clients, and would lock himself in his home becoming reclusive. These allegations were not supported by medical or psychiatric evidence however and we must conclude that Appellee's allegations are insufficient in and of themselves to satisfy the requirements of *Goldstein* and *Thorn*. To the extent that the lower courts accepted unsupported allegations to establish that Attorney Watson was medically unable to represent Appellee, those courts misapplied our cases involving the establishing of a medical excuse for the inactions of counsel. We disapprove of this erroneous application of our case law and reassert that medical hard-

ships can only be established with medical or psychiatric evidence.

■ Since the only reason offered as a reasonable explanation for counsel's inaction could not be demonstrated, we are left with a seventeen month unexplained delay in filing the petition to open. We have rejected attempts to open judgments where petitions were filed in much shorter periods of time and are compelled to do the same in this case. See, *Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980) (11 months not prompt); *In re Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978) (3 months not prompt); *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974) (10 months not prompt); *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973) (8 months not prompt); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973) (2 months not prompt); *Kramer v. City of Philadelphia*, 425 Pa. 472, 229 A.2d 875 (1967) (6 months not prompt); *Texas and B.H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 130 A.2d 508 (1957) (57 days not prompt).

Since Appellee did not meet the requirements of promptly filing the petition to open the judgment and reasonably explaining the default, we conclude that the trial court abused its discretion in granting the petition to open. Our conclusion is warranted in light of our review of this record which is a nightmare. Appellee's attorneys have flagrantly ignored our Rules of Procedure, the many letters of opposing counsel, and orders of court. This matter is over eleven years old and an answer cannot yet be filed. In the intervening decade, Appellant has gone out of business and is unable to find witnesses who know anything about Appellee's claimed injury. Under these circumstances, even if Appellee could establish the three elements required to support the opening of the judgment, the granting of relief would result in such prejudice to Appellant's ability to raise a defense that it would be inequitable to expose Appellant to such a burden.

Reversed and remanded with instructions to reinstate the judgment of non pros entered by the Court of Common Pleas on October 25, 1983.