581 A.2d 203

**ELCOMP, INC., Appellant,**

v.

**Peter J. DROLET, Appellee. (Two Cases)**

Superior Court of Pennsylvania.

Argued May 8, 1990.

Filed Sept. 25, 1990.

Francis C. Rapp, Jr., Pittsburgh, for appellant.

Daniel McIntyre, McKeesport, for appellee.

Before CAVANAUGH, ROWLEY, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

In these consolidated appeals, we address the October 12, 1988 Order of the Court of Common Pleas of Allegheny County, dismissing with prejudice appellant's (Elcomp, Inc.) cause of action against appellee, Peter J. Drolet. We reverse.[1]

Elcomp filed a complaint in assumpsit on March 31, 1987, alleging that Peter Drolet owed Elcomp, a computer software company, approximately five thousand dollars ($5,000) reimbursement for monies paid as a draw against commissions. Elcomp asserted that Drolet did not earn any commissions during his five and one-half months of employment

---

1. The order dismissing Elcomp's complaint was apparently docketed on October 13, 1988. On October 18, 1988, Elcomp presented a motion seeking reinstatement of its case. Although this motion was arguably the functional equivalent of a petition to open the judgment of *non pros,* the motion did not address the specific requisites for the grant of a petition to open. *See Narducci v. Mason's Discount Store,* 518 Pa. 94, 541 A.2d 323 (1988) (three factors must be present in order to open a judgment of *non pros:* (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action). We shall review the merits of the October 12, 1988, *non pros* judgment. A direct appeal may be filed from the entry of a *non pros* judgment. *See Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193 (*en banc*) (1990).

with Elcomp and, therefore, under the terms of his employment contract, he was required to reimburse the company for the amount of his draw. Drolet answered the complaint and disputed Elcomp's interpretation of his employment contract. Drolet contended that, pursuant to an oral agreement, he was to be paid a yearly income of fifty thousand dollars ($50,000), and any draws he received would be paid only if he earned commissions.

On February 26, 1988, this matter was heard by a panel of arbitrators who entered an award in favor of Drolet.[2] Elcomp filed a timely notice of appeal from the arbitration award and waived a jury trial. This matter was scheduled for a nonjury trial on October 12, 1988. Notice of the trial was published in the August 9, 1988 edition of the Pittsburgh Legal Journal, the official newspaper for the Allegheny County Court System.

On October 5, 1988, Daniel McIntyre, Esquire, counsel for Drolet, sent a letter and a copy of a motion for continuance of a non-jury trial to Dan Brookhart, Esquire, counsel for Elcomp, advising Elcomp that the motion would be presented to the trial court on Friday, October 7, 1988. The continuance was being requested because Drolet was unavailable due to out of town business. Brookhart was no longer associated with the firm representing Elcomp so Stanley Stein, Esquire, responded to this correspondence. On October 7, 1988, Stein called McIntyre to advise him that Elcomp would not oppose the request for a continuance. Unable to reach McIntyre, Stein left a message asking McIntyre to return his call but not explaining the nature of the call. Counsel exchanged calls throughout the day, but never spoke to each other or left messages explaining the purpose of the calls. McIntyre was in fact calling to advise counsel for Elcomp that he was unable to see the trial judge that day and was, therefore, abandoning his attempt to have the trial continued.

2. Elcomp and Drolet each requested and were granted a continuance resulting in the delay prior to the arbitration hearing.

On October 12, 1988, Elcomp failed to appear at trial, believing the case had been continued despite not having confirmed the same with opposing counsel or the trial court. Drolet appeared ready for trial and moved to dismiss the case when Elcomp did not appear. Citing Elcomp's failure to appear, the trial court granted Drolet's motion and dismissed the case with prejudice. *See* Pa.R.C.P. 218. The record reveals that on October 12, 1988, Drolet's counsel never advised the trial court concerning the developments of the previous week.[3]

The entry of a judgment *non pros* will not be reversed absent a manifest abuse of discretion. "A court may properly enter a judgment of *non pros* when a party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *Carroll v. Kimmel*, 362 Pa.Super. 432, 437, 524 A.2d 954, 956 (1987) (citations omitted).

Instantly, the record from the October 12, 1988, proceeding reveals that when no one appeared on behalf of Elcomp, the trial court entered a judgment of *non pros*. The

**3.** The dissent maintains that these facts were expressly rejected by the trial court. This simply is not true. It has never been disputed that Drolet did initially intend to request a continuance of the trial scheduled for October 12, 1988, and that Drolet mailed a copy of a prepared motion for continuance to Elcomp's counsel. Additionally, it has never been disputed that between the mailing of this correspondence concerning the desired continuance and the date set for trial, the attorneys involved in this matter attempted unsuccessfully, for whatever reason, to communicate with each other by phone. *See* Brief for Appellant at 5–6 and Brief for Appellee at 3–4. The dissent concludes that the transcript from the October 18, 1988, hearing demonstrates a disagreement between counsel as to what transpired between counsel in the week preceding the scheduled trial date. The disagreement between counsel concerns where the fault should be placed for the failed communication attempts. The answer to this disputed question has little relevance given the undisputed facts upon which we have relied in reaching our decision in this appeal. Finally, we are in full agreement with the dissent that the preferred procedure is for a party to file a petition to remove the non pros judgment with the trial court prior to considering the prospect of an appeal. Unfortunately, this procedure was not properly followed in the case at bar.

dissent believes that this is precisely what Rule 218 contemplates. We disagree. As we recognized in *Valley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 581 A.2d 193 (*en banc*) (1989), a judgment of *non pros*, whether entered pursuant to Rule 218 or otherwise, is properly entered following a consideration and a balancing of the equities present in a particular case. When the trial court gives note to the equitable considerations and determines, in its discretion, that a *non pros* judgment is appropriate, an appellate court will not reverse this exercise of trial court discretion absent a manifest abuse. In the present case, Elcomp was obviously not ready for trial under Rule 218, because Elcomp failed to appear. However, the trial court abused its discretion when it stopped with this determination. Rule 218 contemplates that the trial court will base its *non pros* judgment on a finding that, to the trial court's knowledge, the failure of a party to be ready for trial is not satisfactorily excused. With a *brief* discussion with counsel present on behalf of Drolet, the trial court would have quickly learned of the abandoned continuance motion and the events of the preceding week. Further, the court could have heard argument from Drolet concerning any prejudice resulting to Drolet from Elcomp's failure to appear. The trial court abused its discretion when it based the entry of the *non pros* judgment on one fact: the absence of Elcomp. Without considering the possibility of a satisfactory excuse for Elcomp's absence or prejudice to Drolet, the trial court could not properly exercise its discretion in this matter. It is the trial court's complete failure to balance the equitable considerations in this case which necessitates reversal. We need not address whether the *non pros* judgment would have been proper in the event that the trial court had engaged in a consideration of the equities as they existed on October 12, 1988.

We therefore reverse and remand for further proceedings in the trial court. Jurisdiction is relinquished.

ROWLEY, J. concurs in the result.

426

DEL SOLE, J. files a concurring opinion.

JOHNSON, J. files a dissenting opinion joined by FORD ELLIOTT, J.

DEL SOLE, Judge, concurring.

While I concur in the result reached by the majority in this case, I write separately to point out that I believe the trial court's error caused the defendant not to file a post trial motion to remove the non pros.

The facts in this case, briefly stated, show that on the date when the case was called for trial, the plaintiff did not appear, and on motion of the defendant, the court dismissed the matter with prejudice.

Pa.R.C.P. 218(a) provides that where a plaintiff is not ready when a case is called for trial "the court may enter a non suit on motion of the defendant or a non pros on the court's own motion." Here, since the defendant made the motion to dismiss, the court, in effect, entered a non suit. Pa.R.C.P. 227.1(a)(3) requires the filing of a post trial motion to remove a non suit.

However, since the trial court did not clearly label its order the granting of a non suit and since a good deal of confusion exists with regard to the appropriate practice in this case, I would join the result of the majority that would excuse the failure to file a post trial motion and vacate the non suit.

JOHNSON, Judge, dissenting.

I respectfully dissent. The trial court dismissed the case upon defendant Drolet's motion because the plaintiff failed to appear. Therefore, Pa.R.C.P. 218, 42 Pa.C.S., is the rule applicable to the procedure followed in this case. A dismissal under Rule 218 does not require a showing of prejudice. Further, we are limited to the contents of the certified record on appeal.

At the time that the trial court entered the nonsuit under review on this appeal, there was nothing in or on the record

to excuse the plaintiff's non-appearance when the case was called. The discretionary dismissal of the case was, therefore, free from abuse.

Had the plaintiff made a proper record, alleging or establishing a satisfactory excuse for the non-appearance, we would then be faced with deciding whether a subsequent decision to remove or not to remove the nonsuit should be upheld. The mere filing of a Motion to Reinstate Plaintiff's Claim and Re-Schedule Non-Jury Trial is insufficient to compel removal of a nonsuit, even where accompanied by the unsworn argument of counsel at a subsequent hearing at which no testimony is offered or taken. Accordingly, I must respectfully dissent.

On October 12, 1988, the Honorable Robert A. Doyle dismissed Elcomp, Inc. (Elcomp)'s cause of action against Peter J. Drolet (Drolet). The case was dismissed with prejudice for failure to prosecute. The order was issued in open court and entered upon the record. Trial Transcript, October 12, 1988, page 2. The case had been advertised in the Pittsburgh Legal Journal on August 9, 1988. In that advertisement, the case had been listed for trial before Judge Doyle on October 12, 1988, in Courtroom 617, City-County Building, at 9:00 o'clock. *Id.* At that time and place, Judge Doyle placed these facts on the record. He then inquired whether there was anybody in the hallway and whether the plaintiff was present. The court received answers in the negative to both questions. *Id.*

Rule 218 of our Pennsylvania Rules of Civil Procedure, as applicable at the time of the order in question, provided, in its entirety:

### Rule 218. Party Not Ready When Case is Called for Trial

When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the court's own motion. If without satisfactory excuse a defendant is not ready, the plaintiff may proceed to trial.

The transcript of October 12, 1988 makes it clear that we are reviewing a nonsuit entered pursuant to Rule 218, where neither Elcomp nor its counsel appeared in Courtroom 617 on the day of trial. Therefore, the record before us on review consists only of the proceedings of October 12, 1988. If an appeal is permitted directly from the entry of the nonsuit in this case, there is absolutely nothing on the record to support the majority's conclusion that Judge Doyle abused his discretion.

The majority, relying on *Carroll v. Kimmel,* 362 Pa.Super. 432, 437, 524 A.2d 954, 956 (1987), asserts that Judge Doyle could not properly exercise his discretion in this matter without considering the possibility of prejudice to Drolet. Majority opinion, pages 205, 205. However, prejudice is not an element to be considered in the direct review of a Rule 218 dismissal. The only element which the trial court need consider prior to entry of a nonsuit on motion of the defendant, *where the party is not ready when the case is called for trial,* is whether the plaintiff is "without satisfactory excuse." Rule 218, *supra.* A review of the record supports the action of Judge Doyle, in that the plaintiff did not answer the call, the case had been properly advertised, and the defendant moved for a nonsuit. Transcript, October 12, 1988, page 2.

I cannot join in my colleague's conclusion that a trial judge abuses his discretion by entering a nonsuit upon failure of the plaintiff to appear. This is precisely what is contemplated by Rule 218. And since the order may be entered in any situation where a satisfactory excuse is not tendered, a direct appeal from such an order leaves little to be reviewed. The only question on direct appeal would be: *at the time the order was entered,* was there any satisfactory excuse before the trial court?

*Carroll v. Kimmel, supra,* upon which the majority relies, is inapposite to the present appeal. In that case, we were called upon to review a judgment of non pros entered pursuant to Pa.R.C.P. 1037(c), which governs judgments upon default or admission. The plaintiff in that case had

filed a notice complaint with the arbitration panels for health care against a physician. The notice was filed one day less than two years following the death of Rita Carroll, by a trustee ad litem for her estate. A full complaint was not filed for another five years. We followed *Gallagher v. Jewish Hospital Assoc.*, 425 Pa. 112, 228 A.2d 732 (1967) and considered whether there had been (1) a want of due diligence, (2) no compelling reason for the delay, and (3) prejudice to the adverse party. Those criteria are proper where the court is called upon to review the entire record to determine whether judgment by default may be entered. *James Brothers Lumber Co. v. Union Banking & Trust Co. of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

Nonsuits entered pursuant to Rule 218 need not, and should not, be treated as if they involved considerations identical to those found in Rule 1037(c) judgment-by-default matters. The petition practice established through Pa.R. C.P. 206–209 provides a sound basis by which the trial court can assess whether a "satisfactory excuse" may have existed at the time the Rule 218 nonsuit on defendant's motion was entered. If a party, rather than filing an appeal directly from the entry of nonsuit, submits a petition to the trial court to remove a Rule 218 nonsuit without a satisfactory excuse for being unprepared, the court can properly refuse to take off the nonsuit. *Farabaugh Chevrolet–Oldsmobile, Inc. v. Covenant Management, Inc.*, 361 Pa.Super. 234, 522 A.2d 100 (1987); *Snyder v. Port Authority of Allegheny County*, 259 Pa.Super. 448, 393 A.2d 911 (1978).

Where this petition practice is followed, both the trial court and any reviewing court has record evidence on the issue of whether the nonsuit should be removed. Upon such a record, it is the decision to remove, or the failure to remove, after consideration of all the evidence, which is subject to judicial review. Then, the issue on appeal is not whether the trial court should have entered the nonsuit, but whether reasons exist for opening the judgment, i.e., for removing the nonsuit.

Elcomp would argue that a satisfactory excuse did, in fact, exist for its non-appearance when the case was called for trial on October 12, 1988. In seeking to establish this, the relevant time period would appear to be the period from October 5, 1988 to October 12, 1988. During this period, there may have been at least several attempts at communication between counsel for Elcomp and counsel for Drolet. However, the record does not provide us with petition, answer, and depositions on disputed issues of fact. Pa.R. C.P. 206–209 or with any testimony.

The majority does not cite to any pleadings contained in the certified record. It appears to rely upon the Brief for Appellant and the Brief for Appellee to establish those "facts" which have "never been disputed." In doing so, the majority accepts as "fact" matters on which the trial court has not passed.

Our supreme court has instructed us that, in resolving those issues properly before us, we may only look to the record prepared in the trial court. Alleging facts in a brief on which a trial court has not passed has been specifically condemned. *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 214–15, 489 A.2d 1291, 1296 (1985); *see Commonwealth v. Young*, 456 Pa. 102, 114–16, 317 A.2d 258, 264 (1974) (collecting civil cases); *Commonwealth v. Lowry*, 385 Pa.Super. 236, 246, 560 A.2d 781, 785–86 (1989). For our court to attempt, now, to resolve issues based upon such allegations is precisely the type of review and analysis that was so roundly condemned by our Supreme Court in *Reilly, supra.*

Upon the certified record before us, we are limited to one, unverified motion prepared by counsel for Elcomp. The motion seeks to reinstate Elcomp's claim and have the *de novo* appeal from arbitrators rescheduled. The Motion to Reinstate is time-stamped as having been filed in the Court of Common Pleas on October 18, 1988, although attached under the same document binder as the order of the trial court denying the motion, which order is dated October 18,

1988 and bears a prothonotary's time stamp of October 20, 1988.

We also have the unsworn argument of opposing counsel recorded at a hearing held October 18, 1988 before Judge Doyle. I do not find these items an adequate substitute for a certified evidentiary transcript from which the trial court would have been compelled to reach findings of fact and conclusions of law. *Cox v. Felice Perri & Sons*, 412 Pa. 415, 195 A.2d 79 (1963). The absence of a complete evidentiary record in this case illustrates why a direct appeal should not be permitted from the entry of a nonsuit on motion of the defendant pursuant to Pa.R.A.P. 218. While the majority seemingly finds no dispute over what transpired between counsel, I find the transcript of the October 18, 1988 hearing to be filled with clear disagreements between counsel, the trial court and among the parties regarding what occurred.

Judge Doyle, in his Opinion Supporting Orders of Court of October 12 and 18, 1988, which Opinion was prepared and filed on November 22, 1988 pursuant to Pa.R.A.P. 1925, stated:

> Plaintiff appeals from Orders entered October 14 and 20, 1988. We find that Orders were not entered on these dates. If Plaintiff is alleging that the Orders were docketed on those dates, *we still have nothing of record upon which to base an Opinion. We entered our Orders because the absence of Plaintiff's counsel was not satisfactorily explained and the explanation offered was refuted by counsel for Defendant.*

Opinion, Doyle, J., filed November 22, 1988, pages 1–2. (emphasis added).

Elcomp has included a copy of a Motion for Reconsideration of Dismissal of Plaintiff's Claim in the Reproduced Record filed with this court on April 10, 1989. However, the original of that Motion has not been included in the original record, nor has it been referred to in the entries in the certified docket. In determining this appeal, we should disregard that document and its contents entirely. It re-

mains well settled that an appellate court can consider only the certified record on appeal when reviewing the case. *Barner v. Barner,* 364 Pa.Super. 1, 527 A.2d 122 (1987). Of equal importance, we have before us in this case the statement by the trial judge that "the explanation offered [for non-appearance] was refuted by counsel for Defendant," quoted above.

The majority seemingly would place upon our trial judges ʳhe burden of determining, at the time a case is called for trial, all of those factors which more properly are presented as part of the petition and rule practice. Suggestions of "a *brief* discussion with counsel present" and receiving "argument.... concerning any prejudice resulting to [defendant] from [plaintiff's] failure to appear" is exactly the type of extended procedure which Rule 218 is designed to avoid. The majority's suggestions appear to rule out the filing of any petition to vacate or open the nonsuit. But relying on brief discussions and unverified motions is the kind of procedure upon which our Supreme Court looked askance in *Cox v. Felice Perri & Sons, supra.*

In *Cox,* our Supreme Court reviewed, and reversed, an order which struck off a judgment of non pros because the reasons advanced to strike the judgment were all outside the certified record. On facts which closely parallel the situation on this appeal, the court said:

> [T]he instant motion does not, nor does it purport to, attack the entry of this judgment for any defects apparent on the face of this record; on the contrary, *the reasons assigned in the motion for the removal of the judgment are dehors the record of the judgment. The appropriate proceeding would have been a petition and rule to open the judgment, a proceeding which would necessarily have involved the taking of testimony to establish the verity of the facts alleged for the removal of the judgment ... By the procedure adopted,* clearly and patently erroneous, *[defendant's] counsel was precluded from contradicting by testimony the facts averred in the motion....* In the third place, *unlike a*

*review of an order granting the opening of a judgment wherein the test is whether there was an abuse of discretion on the part of the court below, on our review of this order we look only to the record to ascertain the presence of any defects* and such an examination of the record clearly reveals no such defects.

412 Pa. at 417–18, 195 A.2d at 80–81.

The majority does not explain why this court should accept, as facts, allegations contained in an unverified motion where the trial court has expressly rejected those allegations and denied relief. In my view, upon the record before us, Elcomp has not sustained its burden of showing that its absence from trial on October 12, 1988 was accompanied by a satisfactory excuse. I therefore cannot find any reasonable basis for removing the nonsuit.

Thus, I dissent.

Joined by FORD ELLIOTT, J.