582 A.2d 647

**Peter J. CAMIEL, Appellant,**

v.

**Morris GERBER, A. Richard Gerber, Gerber, Gerber and Shields, a Partnership, Howard Gittis and Wolf, Block, Schorr & Solis–Cohen, a Partnership, Appellees.**

**Edward EMERY, Appellant,**

v.

**ERIE INSURANCE COMPANY, Nationwide Insurance Company, and Aetna Life and Casualty, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1990.

Decided Nov. 8, 1990.

Robert E. Madden, Richard J. Tanker, and S. David Fineman, for appellants.

Joseph A. Tate and Mary Madeline Keating, for Gittis & Wolf, Block, et al.

G. Wayne Renneisen and Mark A. Lockett, for M. Gerber, A. Gerber and Gerber, Gerber & Shields.

Edward J. McKarski, for Aetna Life & Cas.

Nicholas Noel, III and Richard P. Kovacs, for Nationwide Ins. Co.

Jackson M. Sigmon and William P. Exaros, for Erie Ins. Co.

Before LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

ORDER

PER CURIAM.

As to the appeal at 19 E.D. Appeal Docket 1990, we hereby reverse the order of the Superior Court and reinstate the order of the Court of Common Pleas of Philadelphia County removing a judgment of non pros and returning the case to the civil trial list. It is clear herein that the trial court, pursuant to the standard for review set forth by this Court in *Narducci v. Mason's Discount Store*, 518 Pa. 94, 98, 541 A.2d 323, 325 (1988), did not abuse its discretion in granting appellant Peter J. Camiel's Petition to Open Judgment of Non Pros. The petition to open was filed promptly upon the failure of the parties to agree to open the judgment without filing a formal motion, and appellant's complaint alleges facts which support a meritorious cause of action. In addition, the explanation offered for appellant's failure to appear at the call of the trial list was reasonable in light of the following facts. This case had been specially assigned to a judge who was subsequently removed from the bench. The case was then erroneously placed back into the general trial pool without notice to any of the parties, and the parties, expecting the case to be reassigned to another judge, did not monitor *The Legal Intelligencer* to confirm the status of the case. The one party that did discover the listing of the case failed to notify counsel for the other parties as required by local practice. Under these circumstances it would be unconscionable to deny appellant his day in court.

As to the appeal at 20 E.D. Appeal Docket 1990, we hereby dismiss the appeal as having been improvidently granted.

NIX, C.J., and McDERMOTT, J., did not participate in the consideration or decision of these matters.