600 A.2d 585

**CHRISTOPHER'S AUTO PARTS, INC., Appellee,**

v.

**Debbie GILMORE and Mel Shaw.**

**Appeal of Mel SHAW.**

Superior Court of Pennsylvania.

Submitted May 24, 1991.

Filed Dec. 12, 1991.

Veronica C. Boda, Philadelphia, for appellant.

Angelo J. Foglietta, Asst. City Sol., Philadelphia, for appellee.

Before WIEAND, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order reinstating an arbitration award, pursuant to Pa.R.C.P. 218(b)(2), 42 Pa.C.S.A., (Purdon Supp.1991), following Mel Shaw's (Appellant) failure to appear for the trial *de novo*. We reverse and remand.

On July 21, 1989, Appellee filed a complaint alleging Appellant failed to pay for auto parts supplied by Appellee. After preliminary objections were dismissed, Appellant filed his answer. Compulsory arbitration took place, and an award was entered in favor of Appellee and against Appellant. Appellant appealed from the arbitration award for a trial *de novo*, and an order dismissing the appeal and reinstating the arbitration award was entered September 11, 1990 when Appellant failed to appear for trial. Appellant perfected a timely appeal to this Court.

We note initially that Pa.R.C.P. 218, 42 Pa.C.S.A., was amended recently. The amendment provides, in pertinent part:

> (b) If *without satisfactory excuse* a defendant is not ready, the plaintiff may
>
> \* \* \* \* \* \*
>
> (2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

Pa.R.C.P. 218(b), 42 Pa.C.S.A. (emphasis added). The explanatory comment which follows this rule reads:

> The situation occurs where the defendant appeals an award in compulsory arbitration in favor of the plaintiff but does not appear for the trial de novo. A burden is placed upon both the plaintiff and the court system to retry the case despite the disinterest of the defendant. Further, the necessity to retry the case is far different from the penalty in the converse situation in which the plaintiff files the appeal and then fails to appear. In that instance, the penalty upon the plaintiff is a nonsuit or a non pros. The amendment to Rule 218 solves the problem by giving the plaintiff the option of trying the case a

second time or having the appeal dismissed and the arbitration award reinstated.

Pa.R.C.P. 218, Explanatory Comment 1990 (Purdon Supp. 1991). Rule 218(b)(2) became effective July 1, 1990. The trial court's order was entered on September 11, 1990 and is therefore covered by this new section. Appellant argues [1] that we should exercise our equitable powers and open the judgment. Under the plain language of the rule, we cannot do this at this stage in the proceedings.

The record before us indicates that the trial judge ordered reinstatement of the arbitration award when the case was called for trial. This was done without first ascertaining whether Appellant was absent without a satisfactory excuse. In a recent *en banc* decision, we held that under Pa.R.C.P. 218(a), 42 Pa.C.S.A., it is an abuse of discretion for the trial judge to enter a *non pros* judgment based merely on the absence of one party without ascertaining whether the absent party had a satisfactory excuse. *Elcomp, Inc. v. Drolet*, 398 Pa.Super. 421, 581 A.2d 203 (1990). The language of Rule 218(a) reads:

> Where a case is called for trial, if *without satisfactory excuse* a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

Pa.R.C.P. 218(a), 42 Pa.C.S.A. (emphasis added).

We find the language of subdivisions (a) and (b) to contain the same phrase, "without satisfactory excuse", and a similar result, therefore, is required in each situation. There is nothing in the record before us to indicate that the trial court considered whether the Appellant had a satisfactory excuse. The dissent argues that, due to a factual distinction, our case is *not* controlled by *Elcomp*. The dissent argues that in *Elcomp* a hearing was held on October 18, 1988, which considered whether the appellant had a satisfactory excuse for its absence. We specifically ruled, however, that Elcomp's motion to reinstate the case did not meet the requirements of a motion to open judg-

1. We note that Appellee has not filed a brief in this appeal.

ment. We, therefore, properly considered the appeal as one from the October 12, 1988, *non pros* judgment, and not an appeal from any subsequent hearing on an improper motion. *Elcomp*, 398 Pa.Superior Ct. at 422, n. 1, 581 A.2d at 204, n. 1. We therefore considered only the evidence before the Court at the time of the *non pros* judgment. Therefore, *Elcomp* stands for the proposition that *before* a *non pros* judgment may be entered, some sort of fact-finding must take place to determine whether the appellant was absent without satisfactory excuse. This was not done in the present situation. Indeed, the trial judge indicated in his 1925(a) opinion that no fact-finding took place. Based on the plain language of the rule, and our Court's recent interpretation of that language in *Elcomp*, the trial court did abuse its discretion in reinstating the arbitration award without *first* conducting the necessary fact-finding to determine whether Appellant's absence was explained by satisfactory excuse. We reiterate what we said in *Elcomp*, "[w]ithout considering the possibility of a satisfactory excuse for Elcomp's absence or prejudice to Drolet, the trial court could not properly exercise its discretion in this matter." *Elcomp*, 398 Pa.Superior Ct. at 425, 581 A.2d at 205.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I dissent. The majority's attempt to expand and then make procedural dogma of language unnecessary to the decision in *Elcomp, Inc. v. Drolet*, 398 Pa.Super. 421, 581 A.2d 203 (1990), ignores the intent of the recent amendment to Pa.R.C.P. 218(b) and creates an impossible obstruction to the efficient operation of trial courts and the speedy attainment of justice for innocent and conscientious litigants.

Christopher's Auto Parts, Inc., plaintiff, commenced an action for the cost of goods allegedly sold to Debbie Gilmore and Mel Shaw. The case was submitted to compulso-

ry arbitration, and the arbitrators entered an award in favor of Christopher's Auto Parts and against Mel Shaw alone in the amount of $2,174.82. Shaw appealed and waived trial by jury. When the case was called for trial, however, Shaw failed to appear. Therefore, the trial court, on September 10, 1990, dismissed the appeal and reinstated the award of the arbitrators. Shaw did not move to open the proceedings in the trial court but filed an immediate appeal, which is now before this Court for disposition. He argues that this Court, applying equitable principles, should reverse the trial court, open the judgment entered on the award of arbitrators, and remand for trial.

A majority of this Court holds that the trial court erred when it dismissed Shaw's appeal. It remands the case to the trial court to determine whether the appealing defendant may have had some reason for failing to appear for trial. In so doing, the majority gives appellant an unwarranted second chance to improve a record which now contains no explanation whatsoever for appellant's failure to appear for the trial which he requested when he filed an appeal from compulsory arbitration.

The rule applicable to appellant's failure to appear for trial is Pa.R.C.P. 218(b), as amended on April 4, 1990, effective July 1, 1990. This rule provides as follows:

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

(1) proceed to trial, or,

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

The Explanatory Comment is as follows:

I. **Appeals from Compulsory Arbitration.** The situation occurs where the defendant appeals an award in compulsory arbitration in favor of the plaintiff but does not appear for the trial de novo. A burden is placed upon both the plaintiff and the court system to retry the case despite the disinterest of the defendant. Further, the

necessity to retry the case is far different from the penalty in the converse situation in which the plaintiff files the appeal and then fails to appear. In that instance, the penalty upon the plaintiff is a nonsuit or a non pros. The amendment to Rule 218 solves the problem by giving the plaintiff the option of trying the case a second time or having the appeal dismissed and the arbitration award reinstated.

Acting in reliance upon this rule, the trial court in the instant case dismissed the appeal and reinstated the arbitration award when Shaw failed to appear for trial. Since that time, Shaw has made no effort to explain his default and obtain relief from the trial court. Instead, he filed an immediate appeal in the Superior Court, where he asks that the proceedings be reopened by applying equitable principles. However, no equitable reasons appear anywhere in the record which this Court has been asked to review. Indeed, none have ever been presented.

The better procedure would have been for appellant to seek relief from the trial court. By proceeding in this manner, he could have established a record via hearing or depositions which, when relief was denied in the trial court, would have permitted meaningful appellate review. Presently, we have before us no such record. It cannot be said from the record before us that the trial court in any way abused its discretion when it did no more than follow a procedural rule adopted by the Supreme Court.

The decision in this case is not controlled by the decision in *Elcomp, Inc. v. Drolet, supra.* In that case the trial court had entered a non pros when the plaintiff failed to appear for trial. Thereafter, the plaintiff filed in the trial court a motion to reinstate the case. At a hearing thereon it was established that Elcomp had failed to appear because it believed the hearing to have been continued on Drolet's motion after Elcomp's counsel had agreed not to oppose such a motion. The record disclosed that counsel's agreement to continue the hearing had never been called to the trial court's attention. A majority of the Superior Court

held, therefore, that the plaintiff-appellant had tendered a satisfactory excuse for failing to appear and that the trial court had erred in refusing to reinstate the action.

In the instant case, appellant made no effort to establish to the satisfaction of the trial court any excuse for his failure to appear for trial. He made no request whatsoever to the trial court for relief. As a consequence, the record before this Court discloses nothing but appellant's failure to appear for trial. It discloses that no excuse, satisfactory or unsatisfactory, has ever been tendered to the trial court.[1] Under these circumstances, it seems clear to me that the trial court did not err or commit an abuse of discretion by granting the plaintiff-appellee's motion to dismiss the appeal.

The fallacy in the procedure followed by appellant and in the argument which he has made in this Court becomes even clearer when it is recalled that appellee, according to the provisions of R.C.P. 218(b), had the alternative option of retrying his case in appellant's absence. If he had chosen this option and had recovered a verdict, appellant could not have filed an immediate appeal but would have been required to seek relief from the trial court via motion for post-trial relief. See: Pa.R.C.P. 227.1. In the absence of such a post-trial motion, not even a majority of this Court, I venture to say, would remand to give him an opportunity to explain his absence at the time of trial. Why then does the majority treat differently the appellant's failure to seek post-trial relief where the innocent party elected to dismiss the appeal and reinstate the award of the arbitrators? Why, in this case, should this Court advise appellant regarding the procedure to be followed and, in so doing, give him the proverbial "second bite?"

The majority purports to base its grant of a "second bite" upon language appearing in *Elcomp, Inc. v. Drolet, supra,*

---

**1.** The only excuse offered to this Court by appellant in his appellate brief is that neither he nor his counsel was aware that the case had been listed for trial and that, therefore, they failed to appear. This reason, in my judgment, is entirely unsatisfactory.

which suggested that a trial court had abused its discretion when, pursuant to R.C.P. 218(a), it based a judgment of non pros upon the failure of a party to appear for trial. In such cases, the *Elcomp* court opined, the trial court must first ascertain the absent party's reason or reasons for failing to appear. How this is to be done without the presence of the absent party the Court did not explain. Presumably, it would require an additional hearing, with full notice to the parties and findings of fact by the hearing court. Such a procedure, in my judgment, is unwarranted. Not only does it impair the efficient operation of the courts, but it also imposes an unfair burden on the innocent party. At the very least, the burden of escaping the consequences of a default should be placed on the party who has failed to appear for trial. In this manner, neither an innocent party who is present for trial nor the trial court will be prevented from proceeding at the time set for trial, and the burden will be placed upon the party who has failed to appear to show cause why the trial court should reopen the proceedings.

The unfortunate concept propounded in *Elcomp, Inc. v. Drolet, supra,* was not necessary to the decision reached by the Court in that case. There, the defaulting party, by a post-trial request for relief, had established a satisfactory excuse for his failure to appear. A majority of this Court has seized upon this unnecessary language in *Elcomp* to create procedural dogma which is contrary to well established procedural concepts, which is unfair to an innocent party who has appeared for trial, and which impairs the efficient conduct of a trial court's business. I respectfully but vigorously dissent. The record in the case before this Court for review discloses that the action taken by the trial court was sanctioned by R.C.P. 218(b) and did not, even by exaggerated legal legerdemain, constitute an abuse of discretion. I would affirm the trial court's order. I would not remand to give appellant a "second bite" to correct his numerous procedural derelictions.