636 A.2d 1197

Edward J. MONAHAN, Appellant,

v.

Richard A. McGRATH, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 8, 1993.

Filed Feb. 8, 1994.

502

Michael Coughlin, Blue Bell, for appellant.

Robert O. Baldi, New Hope, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge.

In this action to recover the down money paid pursuant to an agreement to purchase real estate, the trial court heard the evidence non-jury when the defendant failed to appear for trial and entered a verdict in favor of the plaintiff. Without giving any reason for so doing, the trial court subsequently ordered a new trial. The plaintiff appealed.

Edward J. Monahan entered into an agreement to purchase from Richard A. McGrath, who agreed to sell, a certain piece of real estate situated in Warrington Township, Bucks County. Pursuant to the terms thereof, Monahan made a down payment of $32,100.00. Following unsatisfactory engineering studies of the property, however, Monahan sought to terminate the agreement pursuant to an escape clause and recover the down payment because of structural and environmental defects found in the property. McGrath denied the request for a refund of the down payment, and Monahan, on July 6, 1988, filed suit to recover the same.

Trial of the action, after one continuance, was scheduled for November 30, 1992. At the time set for trial, however,

neither McGrath nor his counsel appeared. The trial proceeded in their absence; and, following a relatively informal hearing, the court returned a verdict for the plaintiff which, with interest, was in the amount of $41,654.00. Within ten days thereafter, McGrath filed a motion for new trial. He alleged in support thereof the following: (1) lack of jurisdiction because the amount in controversy made the claim subject to compulsory arbitration; (2) a failure to record all the testimony, thus making it impossible for an appellate court to review the sufficiency of the evidence; (3) inadequate notice of trial; and (4) equitable considerations. To supplement McGrath's post-trial motion, extensive depositions were taken and documented by copies of correspondence generated by the litigation. On April 27, 1993, the trial court, without making findings of fact and without any opinion or statement of reasons, entered an order granting a new trial and directing that the case be submitted to compulsory arbitration. When Monahan appealed, the trial court filed a short statement in which it suggested that its order granting a new trial was interlocutory and not appealable but without stating any reason for the new trial.

The trial court was incorrect in assuming that its order was not appealable. Although interlocutory, an order in a civil action awarding a new trial is appealable as a matter of right. Pa.R.App.P. 311(a)(5).

A trial court is required, upon receipt of a notice of appeal, to file of record a brief statement of its reasons for the order complained of on appeal. Pa.R.App.P. 1925(a). This assists an appellate court in conducting meaningful review. *Pendleton v. Philadelphia Transportation Co.*, 376 Pa. 598, 600, 103 A.2d 724, 725 (1954); *Beal v. Reading Co.*, 370 Pa. 45, 49, 87 A.2d 214, 216 (1952). Here, the trial court has failed to comply with this requirement and has thereby denied to this Court any insight as to the reason or reasons for its order.

The legislature, at 42 Pa.C.S. § 7361, has authorized local courts of common pleas, in the absence of general rule adopted by the Supreme Court, to require that certain civil actions, in

which the amounts in controversy do not exceed $50,000.00, be submitted to compulsory arbitration. The Supreme Court, although adopting rules applicable to compulsory arbitration, has left it to the local courts to determine the availability of compulsory arbitration. See: Pa.R.C.P. 1301. Pursuant thereto, Bucks County has adopted a rule requiring compulsory arbitration of civil actions in which the amount in controversy does not exceed $50,000.00.[1]

The overall objective of compulsory arbitration is the expeditious disposition of pending litigation. *McGonigle v. Currence*, 387 Pa.Super. 511, 515, 564 A.2d 508, 510 (1989). Compulsory arbitration provides the parties with a more expeditious and inexpensive alternative to trial. 3 P.L.E.Arbitration § 5. The adoption of a system of compulsory arbitration, however, does not deprive a common pleas court of jurisdiction to hear civil matters otherwise subject to arbitration. "[T]he test of jurisdiction is the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." *Capozzi v. Antonoplos*, 414 Pa. 565, 569, 201 A.2d 420, 422 (1964). Local rules of court pertaining to compulsory arbitration do not affect the competency of a court of common pleas to hear civil matters subject to compulsory arbitration. "Such rules are intended as aids to the orderly administration of justice as well as to effective procedure." *Jones Motor Co. v. Pennsylvania Public Utility Commission*, 202 Pa.Super. 134, 141, 195 A.2d 125, 128 (1963). See also: *Werts v. Luzerne Borough Authority*, 15 Pa.Commw. 631, 634, 329 A.2d 335, 336 (1974). Moreover, a court has the power to waive or suspend its own rules. *Jones Motor Co. v. Pennsylvania Public Utility Commission*, *supra*, 202 Pa.Super. at 141, 195 A.2d at 128. The failure of a court to order a case on the list for compulsory arbitration does not deprive the court of jurisdiction to hear and decide

1. At the time the instant action was commenced, Bucks County Rule of Civil Procedure 1301(a) required that cases with an amount in controversy of less than $20,000.00 be heard and decided by a board of arbitrators. On May 31, 1992, the rule was amended to increase the amount to $50,000.00. The amendment was made applicable to pending actions.

the case. It merely deprives the parties of a speedier and less expensive means for resolving their dispute. Thus, it cannot be said that an action which is tried directly by a court without prior submission to compulsory arbitration is jurisdictionally defective and null and void. It does not per se entitle either party to new proceedings before a board of arbitrators. Such a result would run counter to the whole purpose of compulsory arbitration, which is the expeditious and inexpensive disposition of pending cases.

We have also reviewed the record of the trial held in this matter and find no inadequacy in the record that would entitle the appellee-defendant to a new trial per se.

Appellee's third and fourth reasons for a new trial cannot be reviewed in any meaningful way without findings of fact by the trial court.

When the case was called for trial, the defendant-appellee failed to appear. The rule applicable to such an event appears at R.C.P. 218(b) as follows:

> (b) If without satisfactory excuse a defendant is not ready, the plaintiff may
>
> (1) proceed to trial, or,
>
> (2) if the case called for trial is on appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.[2]

**2.** Pa.R.C.P. 218 was amended March 1, 1993, effective July 1, 1993, by the addition of subsection (c) as follows:

> (c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

This amendment was intended to overrule Superior Court decisions which had incorrectly interpreted the prior rule. This is explained in the Explanatory Comment—1993 as follows:

Explanatory Comment—1993

> Rule of Civil Procedure 218 provides certain procedural consequences when a party is not ready "without satisfactory excuse" when a case is called for trial. Two recent cases had interpreted the rule so that a failure to appear for trial was not sufficient to invoke the provisions of the rule unless the court made a determination that the failure to appear was without satisfactory excuse. See *Elcomp,*

Pursuant to this rule, the trial court could properly proceed with the trial on the date set therefor when the defendant and his counsel failed to appear. After the trial court's decision was entered the defendant properly used a motion for new trial as the vehicle for presenting to the court his excuse for failing to appear for trial. If the court deemed the excuse "satisfactory," it could then vacate its decision and award a new trial.

Here, although the defendant-appellee proceeded properly, the trial court did not fulfill its responsibility. It did not make findings, and it did not decide whether defendant's excuse was satisfactory. Without these determinations, this Court cannot conduct meaningful review. It cannot make its own findings;

Inc. v. Drolet, 398 Pa.Super. 421, 581 A.2d 203 (1990) and Christopher's Auto Parts v. Gilmore, 410 Pa.Super. 541, 600 A.2d 585 (1991).

These cases added a procedural step which was both absent from the rule and unnecessary. As stated in the dissent to the Christopher's Auto Parts case, 410 Pa.Super. at 548, 600 A.2d at 589:

the trial court must first ascertain the absent party's reason or reasons for failing to appear. How this is to be done without the presence of the absent party the Court did not explain. Presumably, it would require an additional hearing, with full notice to the parties and findings of fact by the hearing court.

Consequently the rule has been amended by adding new subdivision (c) which provides that a "party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." The trial court may grant relief under the rule without a separate determination that the failure to appear was without satisfactory excuse.

Of course, if the court has before it information which demonstrates that the failure to appear is satisfactorily excused, then the presumption of subdivision (c) would not be warranted and the court would not exercise its powers under the rule.

If the court enters a nonsuit or a judgment of non pros or dismisses an appeal and there exists a sufficient excuse, the aggrieved party may present the excuse through a motion to remove the nonsuit or a petition to open the judgment or reinstate the appeal. The petition or post-trial procedure will result in a record which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion.

The revised procedure was characterized by the dissent in the Christopher's Auto Parts case as follows, 410 Pa.Super. at 548, 600 A.2d at 589:

neither an innocent party who is present for trial nor the trial court will be prevented from proceeding at the time set for trial, and the burden will be placed upon the party who has failed to appear to show cause why the trial court should reopen the proceedings.

and, therefore, without findings by the trial court, it cannot possibly determine whether defendant offered a "satisfactory" excuse for failing to appear for trial. Without an adequate excuse, the trial court's order awarding a new trial cannot be sustained. There is no other possible basis for awarding a new trial. Under the circumstances of this case, therefore, we deem it necessary to remand to the trial court to make findings of fact and prepare a statement of its reasons for awarding a new trial.

Remanded to the trial court to make findings of fact and to prepare a statement of reasons for its order within sixty (60) days. Jurisdiction is retained meanwhile.