**CORESTATES BANK OF DELAWARE, N.A., Appellee,**

v.

**Donald M. RICHTER and Dora M. Richter, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1998.

Filed Dec. 1, 1998.

Donna K. Hammaker, Chester, for appellants.

John Longley Shearburn, Havertown, for appellee.

Before KELLY, EAKIN and OLSZEWSKI, JJ.

EAKIN, J.:

Donald M. Richter and Dora M. Richter appeal from the order denying their motion for arbitration. Finding this appeal to be interlocutory and non-appealable, we quash.

This matter stems from the issuance of two credit cards to the Richters by Corestates Bank of Delaware, N.A., or its predecessors. The Richters defaulted on paying the card balances, and in 1993 Corestates filed suit, seeking approximately $21,000 in charges, interest and late fees. Pretrial motions and discovery ensued, and in January 1997 the case was finally listed to be tried in the June 1997 term; it was later continued until August 18, 1997.

Ten days before trial, Richters filed a motion for a continuance and a motion for arbitration, alleging the amount in controversy was under $20,000, the compulsory arbitration limit set forth in Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361(b)(2)(i).[1] They alleged the interest sued for should not be counted toward the jurisdictional limit for mandatory arbitration, putting the amount in controversy below $20,000. The trial court denied both motions and the Richters appealed, raising the following issues:

1. WHETHER THE TRIAL COURT CORRECTLY APPLIED THE LAW TO A MOTION FOR ARBITRATION BASED ON THE CASE AUTHORITIES CITED TO SUPPORT THE DOCTRINE OF LACHES IN *CENTRAL PA. TEAMSTERES PENSION FUND v. McCORMICK DRAY LINE*, 85 F.3d 1098 (3d Cir.Pa.1996) AND *AFTER SIX V. ABRAHAM ZION CORP. (IN RE AFTER SIX)*, 167 B.R. 35 (E.D.Pa.1994)?

2. WHETHER THE TRIAL COURT CORRECTLY APPLIED THE LAW BASED ON PROCEDURAL PRACTICE IN THIS COMMONWEALTH AND ESTABLISHED CASELAW BEGINNING WITH *RUFO v. BASTIAN–BLESSING CO.*, 417 Pa. 107, 207 A.2d 823 [ (1965) ], IN DECIDING THERE WAS NO LEGITIMATE AND EQUITABLE RIGHT TO ARBITRATE AN AMOUNT IN CONTROVERSY THAT WAS LESS THAN THE JURISDICTIONAL LIMIT PRESCRIBED BY THE JUDICIAL CODE AND THE GENERAL RULES OF COURT?

Appellants' Brief at 3.

■ Appellants rely on Sections 7320(a)(1) and 7342(a) of the Judicial Code to support the appealability of the denial of their request for arbitration.[2] While Chapter 73 of the Judicial Code deals with arbitration, these sections are part of Subchapter A, specifically relating to statutory arbitration, or arbitration pursuant to contract. They do not apply to judicial arbitration, the subject of the entirely separate Subchapter C. An order denying a motion for statutory arbitration is interlocutory; it is appealable as of right pursuant to the statute. *Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 683 A.2d 931 (Pa.Super.1996). However, no such provision

---

**1.** The limit was increased to $50,000 before the Complaint was reinstated and served, but our disposition does not depend on which figure applied.

**2.** Richters do not claim the denial of a continuance is appealable.

allows an appeal from the refusal of judicial arbitration of a claim, whether the claim falls under the set amount or not.

Compulsory judicial arbitration expedites disposition of litigation, but does not deprive a common pleas court of jurisdiction to hear civil matters otherwise subject to arbitration. An action which is tried directly by the court without prior arbitration is not jurisdictionally defective nor null and void. *Monahan v. McGrath*, 431 Pa.Super. 501, 636 A.2d 1197, 1199 (Pa.Super.1994).

Without authority from the General Assembly or a Rule providing for the appealability of an order denying a request for judicial arbitration, such an order is interlocutory. The trial court did not certify this issue for appeal, nor did the Richters file a petition for allowance of appeal. Pa.R.A.P. 302(a) and 1311(b). We find the order denying the request for arbitration to be interlocutory and unappealable.[3]

Appeal quashed.

---

3. Even if this order was appealable, asking for arbitration ten days before trial, and nearly four and one-half years after the complaint, is far too late to require approval by the trial court.